# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY LYNN BRACKETT, | CASE NO. 1:13-cv-00375-LJO-SMS |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| T. HIGGINS, Visalia Police Department A245; R. COLLINS, Visalia Police Department A77; J. GARCIA, Visalia Police Department A240; CHIEF OF VISALIA POLICE DEPARTMENT, AND JOHN AND JANE DOES 1-5, | |
| Defendants. | (Doc. 1) |

_____/

### Screening Order

Plaintiff Billy Lynn Brackett proceeds *pro se* and *in forma pauperis* in this action alleging excessive force in executing an arrest and deliberate indifference to medical needs.

## I.    Screening Requirement

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  In cases in which the plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and must dismiss it at any time if it concludes that the action or appeal is frivolous

1

1  or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

2  defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  "Notwithstanding any filing

3  fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if

4  the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may

5  be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6  **II.      Pleading Standards**

7          Federal Rule of Civil Procedure 8(a) provides:

8          A pleading that states a claim for relief must contain:

9          (1)     a short and plain statement of the grounds for the court's jurisdiction,
                   unless the court already has jurisdiction and the claim needs no new
10                 jurisdictional support;

11         (2)     a short and plain statement of the claim showing the pleader is entitled to
                   relief; and

12
         (3)     a demand for the relief sought, which may include relief in the alternative
13                 or different types of relief.

14         "Each allegation must be simple, concise, and direct."  F.R.Civ.P. 8(d).

15          "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

16  exceptions," none of which applies here.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512

17  (2002).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim

18  showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must

19  simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

20  rests."  *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are not required, but

21  "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory

22  statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic*

23  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter

24  accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting*

25  *Twombly*, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are

26  not.  *Iqbal*, 556 U.S. at 678

27          Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to

28  relief above the speculative level."  *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff

1 must set forth "the grounds of his entitlement to relief," which "requires more than labels and

2 conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56

3 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant,

4 a plaintiff must set forth the legal and factual basis for his or her claim.

5 **II.     Plaintiff's Complaint**

6       **A.     Factual Allegations**

7       According to the facts alleged in the complaint, on April 23, 2012, Plaintiff was running

8 from Visalia police officers when he was ordered to stop running or be shot with a tazer.  Plaintiff

9 stopped and raised his hands. An officer, whom Plaintiff believes was Defendant R. Collins,

10 handcuffed Plaintiff from behind. Moments later, Plaintiff was hit from behind with great force

11 that lifted him off the ground.  He next recalls several officers on top of him, asking him what was

12 wrong with him, and being drug to a police car and thrown inside.

13       Plaintiff awakened three days later in Kaweah Delta Hospital, not knowing why he was

14 there.  When he was permitted to telephone his daughter, he told her that he was in Lindsay

15 District Hospital with a broken leg.  A nurse took the phone from him and told his daughter that

16 Plaintiff was in Kaweah Delta Hospital with injuries that would require a hip replacement.

17       During his stay at Kaweah Delta, various nurses subjected Plaintiff to physical and verbal

18 abuse.  On one occasion, a nurse on rounds noticed that Plaintiff's intravenous line was out of his

19 hand and told him that he should push his call button for help when such things happened.

20 Plaintiff explained to the nurse that pushing the call button did not summon help.  When he

21 pushed the call button to demonstrate, a voice responded with a barrage of insults directed to

22 Plaintiff by name, calling him a filthy criminal, among other things.  Plaintiff was humiliated.

23       The nurse in his room placed a call on her cell phone, then informed Plaintiff that he was

24 not in a safe location and that the doctor had ordered that he be moved to another part of the

25 hospital.  She supervised the replacement of his IV line and oversaw his relocation.

26       **B.     "John Doe" Defendants.**

27       Plaintiff names five John Doe Defendants.  The Federal Rules of Civil Procedure include

28 no provision "permitting the use of fictitious defendants." *McMillan v. Department of Interior*,

1  907 F.Supp. 322, 328 (D.Nev. 1995), *aff'd*, 87 F.3d 1320 (9th Cir. 1996), *cert. denied*, 519 U.S.

2  1132 (1997).  *See also Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir.

3  1970).  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."

4  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Nonetheless, a plaintiff must be afforded

5  an opportunity to identify the unknown defendants through discovery, unless it is clear that

6  discovery will not reveal their identities or the complaint must be dismissed for other reasons.  *Id.*

7   "While Doe pleading is disfavored, it is not prohibited in federal practice."  *Lopes v. Vieira*, 543

8  F.Supp.2d 1149, 1152 (E.D.Ca. 2008).

9          Although papers and pleadings submitted by *pro se* litigants are subject to a less stringent

10  standard than those of parties represented by attorneys, a *pro se* plaintiff must follow the rules and

11  orders of the Court, including diligently acting to identify any "John Doe" defendants named in

12  his suit.  *Grinage v. Leyba*, 2008 WL 199720 at 12 (D. Nev. January 17, 2008) (No. 2:06-cv-

13  0835-RLH-GWF).  When a Plaintiff is not able to name one or more Defendants when he files his

14  complaint, he must provide sufficient information to enable the court and his opponents to know

15  whom he is trying to identify.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of*

16  *Narcotics*, 403 U.S. 388, 390 n. 2 (1971) (in which "the District Court ordered that the complaint

17  be served upon 'those federal agents who it is indicated by the records of the United States

18  Attorney participated in the November 25, 1965, arrest of the petitioner'"), and *Wakefield v.*

19  *Thompson*, 177 F.3d 1160, 1162 n. 4 (9th Cir. 1999) (although the plaintiff did not know the name

20  of the officer who refused to provide the plaintiff's prescription when releasing plaintiff on parole,

21  the plaintiff informed the Court that the name could be secured "by inspecting the 'parole papers

22  that the plaintiff signed at the time of his release' and the 'Duty Roster for that day.'") Here, the

23  five John Doe defendants are not linked to any specific act or omission that gave rise to a

24  violation of Plaintiff's constitutional rights nor is their role in the case otherwise identified.  In his

25  amended complaint, Plaintiff must tell us what each Doe did and why Plaintiff is suing him or her,

26  even if Plaintiff is not yet able to identify that Doe by name.

27  ///

28  ///

1

      **C.**        **Visalia Police Chief**

2         The caption is unclear.  The Court cannot determine whether J. Garcia (No. A240) is the

3  police chief or whether Garcia and the Visalia police chief are two different defendants.  The

4  caption of amended complaint should clarify this, adding the name of the police chief if he or she

5  is not Garcia.

6

      **D.**        **Excessive Force**

7         Plaintiff alleges that, even though he was not resisting arrest, he was attacked and severely

8  injured in the course of his arrest.  Under the Fourth Amendment, made applicable to the states by

9  the Fourteenth Amendment, people are to be secure against unreasonable searches and seizures.

10  *Maryland v. Pringle*, 540 U.S. 366, 369 (2003); *Mapp v. Ohio*, 367 U.S. 643 (1961).  An officer

11  may arrest a person without a warrant only if there is probable cause to believe that the person has

12  committed or is committing an offense.  *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979).  Each

13  case is determined on its specific facts and circumstances.  *Ornelas v. United States*, 517 U.S.

14  690, 695-96 (1996).  Those facts and circumstances will determine the Fourth Amendment's

15  reach in a particular case.  *Terry v. Ohio*, 392 U.S. 1, 29 (1968).

16         A seizure occurs when the government ends a person's freedom of movement by

17  intentionally applied means.  *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Brower v. County of Inyo*,

18  489 U.S. 593, 596-97 (1989).  A claim of excessive force in the course of a seizure is properly

19  analyzed under the Fourth Amendment's "objective reasonableness" standard.  *Id.*; *Graham v.*

20  *Connor*, 490 U.S. 386, 388 (1989).  Accordingly, to evaluate a Fourth Amendment claim, this

21  Court must consider whether each Defendant's actions were objectively reasonable in light of the

22  facts of the arrest.  *Scott*, 550 U.S. at 381.  Accordingly, the Court must consider whether the

23  officer's actions were objectively reasonable in light of the facts and circumstances of the arrest,

24  without regard to their underlying intent or motivation.  *Graham*, 490 U.S. at 387.

25  Reasonableness of the type of force used is evaluated from the perspective of an officer on the

26  scene and must include an allowance for the fact that police officers are often forced to make a

27  split-second determination of the necessary amount of force.  *Id.*

28  ///

1  The complaint includes allegations of force but fails to identify the specific defendant(s)

2  responsible for each act.  Typically in screening a complaint alleging excessive force incident to

3  arrest, the Court would direct the plaintiff to fully allege facts supporting his allegations that each

4  defendant acted unreasonably with regard to his use of force in the course of the arrest.  In this

5  case, however, Plaintiff alleges that he quickly lost consciousness in the course of the beating

6  incident to his arrest.  As a result, in amending his complaint, Plaintiff may be able to do no more

7  than (1) allege that he was beaten incident to arrest, (2) allege that serious injuries resulted from

8  the beating, (3) list the injuries that he suffered, and (4) identify the officers who arrested him.  To

9  enable the Court to analyze whether the amount of force used was objectively reasonable, Plaintiff

10  must also provide context to the incident by alleging the circumstances leading to his arrest.

11  **E.      Deliberate Indifference to Serious Medical Need**

12  Plaintiff's complaint arose before he was tried for the crime of which he was accused.

13  "[P]retrial detainees . . . possess greater constitutional rights than prisoners." *Stone v. City and*

14  *County of San Francisco*, 968 F.2d 850, 857 n. 10 (9th Cir. 1992), *cert. denied*, 506 U.S. 1081

15  (1993).  The Fourteenth Amendment is more protective of the rights of those who have not been

16  convicted of a crime.  *Gary H. v. Hegstrom*, 831 F.2d 1430, 1432 (9th Cir. 1987).  Although a

17  pretrial detainee's right to be free from punishment is derived from the Due Process Clause, courts

18  apply Eighth Amendment jurisprudence to analyze the rights of pretrial detainees.  *See Pierce v.*

19  *County of Orange*, 526 F.3d 1190, 1205 (9th Cir.), *cert. denied*, 555 U.S. 1031 (2008); *Lolli v.*

20  *County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003); *Oregon Advocacy Center v. Mink*, 322

21  F.3d 1101, 1120 (9th Cir. 2003); *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir.

22  2002), *cert. denied*, 537 U.S. 1106 (2003); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998);

23  *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996); *Anderson v. County of Kern*, 45 F.3d 1310,

24  1312-13 (9th Cir.), *amended*, 75 F.3d 448 (9th Cir.), *cert. denied*, 516 U.S. 916 (1995); *Maddox v.*

25  *City of Los Angeles*, 792 F.2d 1408, 1414-15 (9th Cir. 1986).  For example, the Eighth

26  Amendment establishes the minimum standard of medical care for pretrial detainees.  *Johnson v.*

27  *Meltzer*, 134 F.3d 1393, 1398 (9th Cir.), *cert. denied*, 525 U.S. 840  (1998).

28  ///

1    "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

2    must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091,

3    1096 (9th Cir. 2006), *quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The two-part test for

4    deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

5    demonstrating that 'failure to treat a prisoner's condition could result in further significant injury

6    or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need

7    was deliberately indifferent." *Jett*, 439 F.3d at 1096, *quoting McGuckin v. Smith*, 974 F.2d 1050,

8    1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133,

9    1136 (9th Cir. 1997) (*en banc*) (*internal quotations omitted*).

10    Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's

11    pain or possible medical need, and harm caused by the indifference." *Jett*, 439 F.3d at 1096.

12    Deliberate indifference may be manifested "when prison officials deny, delay or intentionally

13    interfere with medical treatment, or it may be shown by the way in which prison physicians

14    provide medical care." *Id.* (*internal quotations omitted*).  Where a prisoner is alleging a delay in

15    receiving medical treatment, the delay must have led to further harm in order for the prisoner to

16    make a claim of deliberate  indifference to serious medical needs. *McGuckin*, 974 F.2d at 1060,

17    *citing Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

18    In this case, Plaintiff does not allege that any named defendant was directly indifferent to

19    his injuries.  Plaintiff apparently received prompt treatment for the injuries inflicted on him in the

20    course of his arrest.  Plaintiff's mistreatment at the hands of Kaweah Delta hospital personnel

21    does not constitute deliberate indifference by any of the police officers named as defendants.  The

22    complaint does not state a cognizable claim under the eighth amendment for deliberate

23    indifference to medical need against any person named as a defendant.

24    The Court is uncertain, however, whether Plaintiff intended to claim deliberate

25    indifference against the Kaweah Delta nurse who responded to Plaintiff's call bell with verbal

26    abuse rather than medical care.  State owned or operated hospitals act under color of law for

27    purposes of Section 1983. *Chadacoff v. University Med. Center of So. Nevada*, 649 F.3d 1143,

28    1150 (9th Cir. 2011).  Kaweah Delta Hospital is part of a California public health care district.

1 Generally, employees of state agencies act under color of state law when they act within their

2 position as defined by state law. *West v. Atkins*, 487 U.S. 42, 49 (1988). If Plaintiff intended to

3 allege a Eighth Amendment claim against the offending nurse but does not know his or her name,

4 he must identify the nurse as one of the John Doe defendants and specifically allege facts

5 supporting his Eighth Amendment claim against him or her.

6 **F. Failure to Protect**

7 Whether Plaintiff intends to allege that police officers or county jail personnel failed to

8 protect him from abuse by hospital personnel is unclear. Plaintiff might be able to allege a

9 cognizable claim of failure to protect if he was guarded while hospitalized or if other facts could

10 establish that officers or county jail personnel were aware of Plaintiff's being abused or neglected

11 by hospital personnel but took no action. "Prison officials have a duty to take reasonable steps to

12 protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250-51 (9th Cir. 1982),

13 *abrogated on other grounds by Sandin v. O'Connor*, 515 U.S. 472 (1995); *Farmer v. Brennan*,

14 511 U.S. 825, 833 (1994).

15 To establish a violation of this duty, the prisoner must establish that prison officials were

16 "deliberately indifferent" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834.

17 To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's

18 safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to

19 inmate ... safety; the official must both be aware of facts from which the inference could be drawn

20 that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.*

21 at 837; *Anderson*, 45 F.3d at 1313 (9th Cir.). To prove knowledge of the risk, the prisoner may

22 rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to

23 establish knowledge. *Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir.

24 1995).

25 **G. State Claims**

26 **1. Intent to Allege Tort Claim**

27 The complaint is unclear whether Plaintiff intended to allege one or more tort claims under

28 California law against the nurse who responded to his call button with a stream of verbal abuse

1  and profanity.  Although Plaintiff's allegation that the nurse's abuse humiliated him suggests an

2  intent to file a tort claim, the complaint is too vague to allow the Court to provide any guidance

3  regarding the elements of any tort claim.

### 2.    Limited Federal Court Jurisdiction Over State Claims

5        Section 1983 does not provide a cause of action for violations of state law.  *See Weilburg*

6  *v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007)*; Galen v. County of Los Angeles*, 477 F.3d 652,

7  662 (9th Cir. 2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County,*

8  *Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997); *Lovell v. Poway Unified School Dist.*, 90 F.3d 367,

9  370 (9th Cir. 1996); *Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); *Ybarra v. Bastian*, 647

10  F.2d 891, 892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981).  Pursuant to 28 U.S.C. § 1367(a),

11  however, in any civil action in which the district court has original jurisdiction, the district court

12  "shall have supplemental jurisdiction over all other claims in the action within such original

13  jurisdiction that they form part of the same case or controversy under Article III," except as

14  provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of

15  supplemental jurisdiction over state law claims under 1367(c) is discretionary."  *Acri v. Varian*

16  *Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).  "The district court my decline to exercise

17  supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed

18  all claims over which it has original jurisdiction."  28 U.S.C. § 1367 (c)(3).  The Supreme Court

19  has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be

20  dismissed as well."  *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966).  Plaintiff

21  should be aware that if his amended complaint ultimately alleges only claims cognizable under

22  state law, the Court will likely decline to exercise jurisdiction.

23  **III.    Conclusion and Order**

24        Plaintiff's complaint fails to state a claim upon which relief may be granted.  The Court

25  will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies

26  identified by the Court in this order.  Plaintiff may not change the nature of this suit by adding

27  new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir.

28  2007).

1    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

2  each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal

3  rights. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).  Although accepted as true, the

4  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."

5  *Twombly*, 550 U.S. at 555 (*citations omitted*).  Plaintiff should focus on identifying his legal

6  claims and setting forth, as briefly but specifically as possible, the facts linking the Defendants he

7  names to each violation of his rights.

8    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

9  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v.*

10  *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the

11  prior or superceded pleading," Local Rule 15-220.  "All causes of action alleged in an original

12  complaint which are not alleged in an amended complaint are waived." *Forsyth*, 114 F.3d at

13  1474; *King*, 814 F.2d at 567;

14    Based on the foregoing, it is HEREBY ORDERED that:

15    1.    Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;

16    2.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

17        amended complaint curing the deficiencies identified by the Court in this order;

18        and

19    3.    If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date

20        of service of this order, this action will be dismissed with prejudice for failure to

21        state a claim.

22

23  IT IS SO ORDERED.

24  **Dated:    April 2, 2013**                    /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

10