# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY LYNN BRACKETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>T. HIGGINS, et al.,<br><br>　　　　Defendants. | Case No. 1:13-CV-00375-LJO-SMS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL FOR FAILURE TO PROSECUTE |

   Plaintiff Billy Lynn Brackett ("Plaintiff") proceeds *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants used excessive force in executing Plaintiff's arrest and demonstrated deliberate indifference to his medical needs. Plaintiff filed the Complaint in this action on March 14, 2013. Doc. 1.

   On April 3, 2013, the Court dismissed the complaint for failure to state a claim and ordered Plaintiff to submit an amended complaint within thirty (30) days. Doc. 4. The order warned Plaintiff that failure to comply as directed might result in the dismissal of this action for failure to state a claim. Although more than thirty days have passed, Plaintiff has neither filed an amended complaint nor responded to the Court's order in any other way.

   On December 5, 2013, after more than thirty days passed without any action by Plaintiff, the Court ordered him to show cause within fifteen days why this action should not be dismissed,

1

warning him that this action would be dismissed if he failed to respond.  Doc. 9.  Although the fifteen-day deadline has expired, Plaintiff has not complied with or otherwise responded to either of the Court's orders.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006), *quoting Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).  These factors guide a court in deciding how to proceed when a plaintiff fails to actively prosecute his or her case.

Based on Plaintiff's failure to comply with or otherwise respond to the above orders, the Court is left with no alternative but to dismiss the action for failure to prosecute.  *Id.*  This action cannot proceed without Plaintiff's cooperation and compliance with the orders at issue.

Accordingly, the undersigned recommends that this action be DISMISSED without prejudice for failure to follow the Court's orders.

These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the court, serving a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:  **January 5, 2014**           **/s/ Sandra M. Snyder**
                                                                     UNITED STATES MAGISTRATE JUDGE